# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-99-00736-CR

---

**Terry Johns, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 0991812, HONORABLE TOM BLACKWELL, JUDGE PRESIDING

---

A jury found appellant Terry Johns guilty of two counts of aggravated robbery. *See* Tex. Penal Code Ann. § 29.03(a)(1), (2) (West 1994). The jury assessed punishment at imprisonment for forty years on the first count, and at imprisonment for twenty years on the second. We will affirm.

Brothers Jesus and Jose Vasquez were living in an Austin apartment in April 1999. At about 10:00 p.m. on April 18, a man and woman entered the apartment through the unlocked front door. The man was armed with a pistol and demanded the men's wallets. When Jose refused, the man shot him in the head. The man then pointed the pistol at Jesus, who gave the man his wallet. The man and woman then fled. They were seen by a witness entering an apartment across the street from the Vasquez apartment.

Austin Police Officer Julian Hernandez responded to the shooting call. The witness took Hernandez and other officers to the apartment the suspects had been seen entering. A woman answered the officers' knock on the door and was taken into custody. The officers heard a second

person inside the apartment, and Johns eventually came out in response to the officers' demands. Jesus Vasquez's wallet and the pistol used to shoot Jose Vasquez were found in the apartment.

Jesus Vasquez was standing outside as Johns was taken into custody. Officer Hernandez asked Vasquez, "Is this the guy?" Vasquez said yes. Both Jesus and Jose Vasquez identified appellant at trial as the man who robbed them.

In two points of error, Johns contends the district court erred by overruling his motion to suppress Jesus Vasquez's identification testimony. Johns argues that the one-on-one showup was impermissibly suggestive and tainted the in-court identification in violation of his due process rights. *See* U.S. Const. amend. XIV.

One-on-one showups are not violative of due process as a matter of law. *Holder v. State*, 837 S.W.2d 802, 804 (Tex. App.—Austin 1992, pet. ref'd). The question that must be answered in each case is whether the suggestiveness inherent in the procedure was such as to give rise to a substantial likelihood of irreparable misidentification. *Id*. Among the factors to be considered in making this determination are the opportunity of the witness to view the criminal at the scene, the witness's degree of attention, the accuracy of the witness's prior description of the accused, the level of certainty demonstrated at the confrontation, and the length of time between the crime and the confrontation. *Id*.

The assailants were in the Vasquez's apartment for a short time. Jesus Vasquez testified that the armed man did not attempt to hide his identity and that he was able to clearly see his features. Johns argues that Jesus's attention would have been diverted by the pistol and by Jose being shot. It is equally plausible, however, that these circumstances would have caused Jesus to pay

2

particular attention to the man. There is no evidence regarding any description of the assailant that Jesus may have given the police prior to the showup. The showup took place less than one hour after the crime. Jesus's identification of Johns was immediate and unequivocal. Under the circumstances, the showup was not so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. *See id.*; *see also Loserth v. State*, 963 S.W.2d 770, 772-73 (Tex. Crim. App. 1998) (standard of review). Points of error three and four are overruled.

In his other points of error, appellant contends the statutory instruction on the law of good time and parole is unconstitutional in the context of an aggravated robbery case. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (West Supp. 2000). As required by statute, the district court told the jury that "[u]nder the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. . . . [but] prison authorities may also take away all or part of any good conduct time earned by the prisoner." *Id.* Appellant contends this instruction misled the jury, and thus denied him due process and due course of law, because persons convicted of aggravated robbery are ineligible for mandatory supervision and therefore cannot earn early release from prison by the award of good conduct time. *See* Tex. Gov't Code Ann. § 508.149(a)(12) (West Supp. 2000); *see also* U.S. Const. amend. XIV; Tex. Const. art. I, § 19. Appellant did not object to the instruction at trial.

This Court previously considered and rejected the same argument in another appeal from an aggravated robbery conviction. *See Martinez v. State*, 969 S.W.2d 497, 501 (Tex. App.—Austin 1998, no pet.). Without repeating all that we said in that opinion, we note that the statutory instruction does not mention mandatory supervision. Tex. Code Crim. Proc. Ann. art. art.

3

37.07, § 4(a). The instruction does not tell the jury that the defendant *will* earn time off his period of incarceration, but only that he *may*. *Id.* The instruction tells the jury that good conduct time will not be considered in determining the defendant's eligibility for parole and that it cannot be accurately predicted how good conduct law may be applied to the defendant. *Id.* The instruction admonishes the jury not to consider the extent to which good conduct time may be awarded or forfeited in determining punishment. *Id.* We concluded in *Martinez* that the instruction is not misleading when read as a whole, and that there is no confusion or harm if the jury follows the instruction. *Martinez*, 969 S.W.2d at 501.

Even if we assume that giving the statutory instruction was error in this cause, the error did not deprive appellant of a fair and impartial trial. *See Jimenez v. State*, 32 S.W.3d 233, 237-38 (Tex. Crim. App. 2000); Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981). Neither party referred to the parole instruction during punishment arguments. There is no evidence before us that the jurors knew about mandatory supervision, or that they violated the instruction and considered the possible award of good conduct time in assessing punishment. The terms of imprisonment assessed are far less than the maximum applicable to first degree felonies. Points of error one and two are overruled.

The district court prepared separate judgments for each count. The judgments of conviction are affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed:   January 25, 2001

Do Not Publish